**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 27, 2009[*]
Decided May 27, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2420

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 06 CR 319-1 |
| PAUL MEEGAN, | |
| *Defendant-Appellant*. | Harry D. Leinenweber, |
| | *Judge*. |

**O R D E R**

Paul Meegan was sentenced to 41 months' imprisonment for filing false tax returns. That term is five months less than the low end of the imprisonment range calculated by the district court using the guidelines in effect at the time of sentencing. Meegan nevertheless argues that he should have been sentenced under an earlier version of the guidelines, and

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

he asks us to revisit our holding that applying the guidelines in effect at the time of sentencing cannot violate the Ex Post Facto Clause. *See* U.S. CONST. art. 1, § 10, cl. 1. Meegan insists that the older guidelines would have yielded fewer criminal history points and reduced his imprisonment range to 41 to 51 months. We affirm the judgment.

In June 2007 a jury found Meegan guilty of understating his income on tax returns for the years 1998 through 2002. *See* 26 U.S.C. § 7206(1). The probation officer applied the most-recent version of the guidelines—November 2006—and calculated an imprisonment range of 46 to 57 months. A significant factor in that calculation was Meegan's criminal history score; the probation officer assigned 14 points, 7 of them arising from Meegan's past employment in the used-car business. In August 1989, Meegan had stolen $10,000 from a customer who paid for a car that was never delivered. Then in April 1990, when Meegan was working as the used-car sales manager at a dealership, he stole a car from his inventory by recruiting an accomplice who posed as a buyer but paid with a bogus check. That same accomplice would later help Meegan roll back odometers and sell the cars to dealers in December 1990 and January 1991. These three frauds netted separate convictions, and the probation officer assigned criminal history points for each. The probation officer concluded that the crimes were not related—and thus should count separately in calculating Meegan's criminal history score—because the court proceedings were not consolidated and the offenses had occurred on different occasions and involved distinct conduct. Had the offenses been related, Meegan would have received only three criminal history points, *see* U.S.S.G. § 4A1.2(a)(2), and his imprisonment range would have been 41 to 51 months.

The probation officer completed the presentence report in September 2007, but for reasons not disclosed by the record, Meegan was not sentenced until May 2008. At sentencing he stipulated to the accuracy of the facts in the presentence report, but he objected to the probation officer's determination that the three used-car frauds were unrelated. Under the 2006 version of U.S.S.G. § 4A1.2(a)(2), multiple offenses were deemed "related" and counted just once in scoring a defendant's criminal history if those crimes were part of a "single common scheme or plan" *see id.* cmt. n.3 (2006), and Meegan's counsel insisted that the crimes were part of a broad scheme that Meegan concocted in 1989 and continued to carry out through early 1991. By the time of sentencing, however, the 2007 version of § 4A1.2(a)(2) had replaced the 2006 version applied by the probation officer. In its current formulation, § 4A1.2(a)(2) allows multiple offenses to be counted as a single sentence only if (1) the crimes were not separated by an intervening arrest and (2) the crimes were charged in a single document or the sentences were imposed on the same day. *See id.* § 4A1.2(a)(2) (2007). The district court applied the 2007 version, found that the three prior sentences counted separately, and agreed with the probation officer that Meegan's imprisonment range was 46 to 57 months. But the court sentenced Meegan to 41 months,

the bottom of the range that would have applied if his objection had been sustained, because Meegan's pastor testified to his religious devotion, his counseling of children in a detention center, and his charitable work with people suffering from drug and alcohol addiction.

On appeal Meegan presses his contention that the district court should have applied the earlier version of § 4A1.2(a)(2). He urges us to reconsider *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006), which holds that, in light of the advisory nature of the guidelines, district courts may follow the directive of U.S.S.G. § 1B1.11(a) and apply the guidelines in effect at the time of sentencing without raising ex post facto concerns. We have previously declined to retreat from *Demaree*, and just last month we applied the decision in rejecting a defendant's ex post facto claim. *See United States v. Hill*, Nos. 07-2714, 07-2715, 2009 WL 1052947, at *9 (7th Cir. Apr. 21, 2009). In any event, Meegan could not benefit from disregarding *Demaree*. His prior offenses did not occur at the same time, and the charges were not consolidated for trial or sentencing, so under the former version of § 4A1.2(a)(2) the convictions would have been counted once instead of separately only if the offenses had not been separated by an intervening arrest and were part of common scheme or plan. *See* U.S.S.G. § 4A1.2(a)(2) & cmt. n.3 (2006); *United States v. Brown*, 209 F.3d 1020, 1023-24 (7th Cir. 2000). And Meegan's contention that the crimes were part of a long-running, overarching fraud scheme is frivolous.

Multiple offenses were deemed to be part of a common scheme or plan if the defendant could show that he planned the crimes together or that one crime involved the commission of another; it was not enough that the crimes involved similar conduct or were part of the same spree. *See Brown*, 209 F.3d at 1024; *United States v. Joy*, 192 F.3d 761, 771 (7th Cir. 1999). In this case, Meegan did not present or even proffer evidence that he planned the crimes together; Meegan did not testify at the sentencing hearing or produce an affidavit asserting that the crimes were factually related. All this record shows is that he defrauded different victims at different times while working in the used-car business. That all three frauds involved used-cars does not make the crimes part of a common scheme or plan.

AFFIRMED.